**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

NATASHA GRAYSON, Individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

  MADISON COUNTY, TENNESSEE,

    Defendant.

No. 1 :19-cv-1136-STA-tmp

---

**ORDER PARTIALLY GRANTING JOINT MOTION
FOR APPROVAL OF SETTLEMENT
AND MODIFYING ATTORNEY'S FEE REQUEST**

---

    This matter is before the Court for consideration of the Joint Motion for Approval of Settlement. (ECF No. 124.) The Court, having been fully advised of the terms and conditions of the Settlement Agreement in this matter, it is hereby ORDERED as follows:

    The parties' request for approval of their Settlement Agreement resolving all claims is **PARTIALLY GRANTED.** The Court finds that the agreed-upon terms and conditions of settlement of this litigation arising under the Fair Labor Standards Act ("FLSA"), as set forth in the Settlement Agreement, except as discussed below concerning the proposed attorney's fee for class counsel, are fair and reasonable under the circumstances, and the Settlement Agreement is hereby approved with the following modification.

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorney's fees under § 216(b) is mandatory. *See Smith v. Serv. Master Corp.*, 592 F. App'x 363, 367 (6th Cir. 2014) (citations omitted). In determining the amount of any award under the FLSA, courts start with the lodestar amount: the number of hours worked times a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff's counsel seeks $500,000 in attorney's fees out of a $1.25 million class settlement. This amount represents 40% of the total settlement. Plaintiff's counsel has submitted documentation under seal concerning the total amount of attorney hours worked (490 hours) and total amount of paralegal hours worked (348 hours). Counsel has included his own affidavit and a copy of his fee agreement with Plaintiff which allows him to recover the greater of 40% of the total amount recovered or the amount of hours worked at the rate of $400 for each attorney hour and $125 for each paralegal hour. Using the hourly rates, Counsel would be entitled to $196,000 for attorney time and $43,500 for paralegal time for a total of $239,500 in fees. In the present case, the Court finds that the hours expended by Counsel and his paralegal and their hourly rates are reasonable. Therefore, the lodestar amount in this matter is $239,500.

This calculation "does not end the inquiry," however. *Id.* at 434. The Court also must look to "other considerations that may lead the district court to adjust the fee upward or downward" — "the most critical factor" of which "is the degree of success obtained." *Id.* at 434, 436. Other factors that may be considered are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the

2

fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the experience, reputation, and ability of the attorney(s); (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citations omitted).[1] "The primary concern in an attorney fee case is that the fee awarded be reasonable." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999).

In the present case, Plaintiff's Counsel achieved a great deal of success on behalf of his clients which militates in favor of an increase of the lodestar amount. Additionally, Counsel undertook this case on a contingency basis, which means Counsel took the risk of an unsuccessful outcome and no fee of any kind. This factor favors granting an increase in the lodestar amount. *See, e.g.*, *Hebert v. Chesapeake Operating, Inc.*, 2019 WL 4574509 at *5 (S.D. Ohio Sept. 20, 2019). And, the Court is familiar with Counsel's "experience, reputation, and ability" from his prior work in this Court.

However, "[w]hile FLSA collective and class matters are inherently complex," the docket sheet in this matter reflects no motion practice and a relatively quick settlement; in fact, the case had not even reached the conditional certification stage prior to settlement.[2] *See id.* at *6 (distinguishing between cases that involved "significant litigation" as opposed to those with "little to no motion practice"). Other courts have described similar attorney's fee requests as an "eyebrow-raising 40% fee." *See id.* at **5 -7 (determining that "the requested fees of 40% of the

---

[1] Many of these factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n. 9.

[2] The complaint was filed on July 3, 2019, and the joint motion to approve settlement was filed five months later on December 2, 2019.

fund are not reasonable," noting that "[o]ur sister Ohio district courts hold similarly," and finding that "33% is typical for attorney's fees in common fund, FLSA collective actions in this District, though a fee award in a particular case may be higher or lower based on unique circumstances in a particular case"). *See also Chapman v. Jet Mall*, 2015 WL 2062099 at *3 (E.D. Tenn. Apr. 30, 2015) (rejecting plaintiff's counsel's request for a 40% attorney's fee as unreasonable and awarding a lower amount).

The Court finds that, as in *Hebert* and *Chapman*, considering the applicable law and the facts presented, an award of attorney's fees of 40% of the common fund is too high and is, therefore, unreasonable.[3] However, Plaintiff's counsel is entitled to an increase in the lodestar amount of $239,500 based on the factors discussed above, and the Court will increase that amount by $135,500 for an award of $375,000 in attorney's fees. This amount represents 30% of the $1.25 million settlement.

In summary, the joint motion for settlement approval is **PARTIALLY GRANTED**. The motion is granted to the extent that the parties seek approval of the total settlement amount. The request for attorney's fees is granted, but the amount is modified so that Plaintiff's counsel is awarded attorney's fee in the amount of $375,000.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: December 10, 2019.

---

[3] Allowing a 40% fee of $500,000 would more than double the lodestar amount.